1  LAW OFFICES OF ALAN E. FERGUSON
   Alan E. Ferguson, Esq., State Bar No. 103677
2  3200 Fourth Avenue, Suite 207
   San Diego, CA  92103-5716
3  PH: 619-299-4999
   FAX: 619-299-8121
4

5  Attorney for Material Witness

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10                   (Honorable Anthony J. Battaglia)

11  UNITED STATES OF AMERICA,          )    Criminal Case No.    08cr1811-WQH
                                       )
12              Plaintiff,             )
                                       )    NOTICE OF MOTION AND MOTION
13  v.                                 )    FOR VIDEOTAPE DEPOSITION AND
                                       )    RELEASE OF MATERIAL WITNESS:
14  ANGEL RIOS,                        )    **RAFAEL CORTES-CORTES**
                                       )
15                                     )    HRG DATE:  06/24/2008
              Defendant.              )    TIME:         9:30 a.m.
16                                     )    CRTRM:      A, 1st Floor
                                       )    JUDGE:      Anthony J. Battaglia
17

18      TO  UNITED STATES ATTORNEY KAREN P. HEWITT, ASSISTANT UNITED

19  STATES ATTORNEY PETER MAZZA; AND TO TIMOTHY R. GARRISON, FEDERAL

20  DEFENDERS, ATTORNEY FOR DEFENDANT:

21      PLEASE TAKE NOTICE that on June 24, 2008, at 9:30 a.m., counsel will move this Court

22  for an order to take the video deposition of material witness, Rafael Cortes-Cortes, and for his

23  immediate release thereafter.

24

25                              **MOTION**

26      Material witness, Rafael Cortes-Cortes, through his counsel, Alan E. Ferguson, and pursuant

27  to Federal Rules of Criminal Procedure, Rule 15, 18 U.S.C., §3144; and 18 U.S.C., §3142, hereby

28  moves this Court for an order to take his deposition by videotape, and release him at the conclusion

1  of the deposition.

2        This motion is based on the notice of motion, declaration of counsel, the memorandum of

3  points and authorities attached and filed herewith, the records of the above-titled case, and all

4  matters submitted to the court prior to the determination of this motion.

5

6  Dated: June 12, 2008

7                                                    By:      / S / *Alan E. Ferguson*
                                                              ALAN E. FERGUSON
8                                                             Attorney for the Material Witness

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  ALAN E. FERGUSON, ESQ.
CA State Bar No. 103677
2  The Law Office of Alan Ferguson
3200 Fourth Avenue, Ste. 207
3  San Diego, CA 92103-5716
Telephone: (619) 299-4999
4

5  Attorney for Material Witness

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                   (Honorable Anthony J. Battaglia)

11  UNITED STATES OF AMERICA,        )    Criminal Case No.    08cr1811-WQH
                                     )
12                Plaintiff,         )
                                     )    DECLARATION OF ALAN E.
13  vs.                              )    FERGUSON IN SUPPORT OF
                                     )    MATERIAL WITNESSES MOTION
14  ANGEL RIOS,                      )    FOR A VIDEOTAPE DEPOSITION
                                     )
15                                   )    HRG DATE:  06/24/2008
                  Defendant.         )    TIME:      9:30 a.m.
16                                   )    CRTRM:     A, 1st Floor
                                     )    JUDGE:     Anthony J. Battaglia
17  _____ )

18       I the undersigned, declare as follows:

19       1. My name is Alan E. Ferguson, and I am the attorney of record for Rafael Cortes-Cortes,

20  the material witness in the above-captioned matter.  I am an attorney duly licensed to practice law

21  in the State of California and am admitted to practice before the United States District Court for the

22  Southern District of California.

23       2.  On May 21, 2008, I was appointed to represent the material witness in the

24  above-captioned matter.  As a Material Witness attorney, one of my primary responsibilities is to

25  help arrange the release of the material witness from the custody of the U.S. Marshal and BICE as

26  soon as practicable.  To that end, I immediately conducted interviews with the Material Witness,

27  through a certified Spanish language interpreter to explain why she was being held and under what

28  conditions she could be released.  I informed the Material Witness that the most expedient way to

1  be released is by having a personal surety post a court approved appearance bond.  I explained that

2  a personal surety would have to agree to sign a $5,000.00 appearance bond, post $500.00 cash with

3  the court, and agree to allow the Material Witness to stay with the surety or a family member

4  pending final disposition of the case.  Unfortunately, I have been unable to locate any possible surety

5  for this Material Witness, and am now relegated to filing this motion.

6         3.  I am not aware or have not been informed of any reason in this case why the Material

7  Witness testimony can not be adequately secured by deposition by either the government or the

8  defendant's attorney.  To the contrary, compelling reasons exists for the release of the material

9  witness as continued detention will cause a hardship on the material witness.

10        4.  The Material Witness is willing to discuss everything he knows about this case with both

11 the defense and government investigators.  The fact is, however, there are only a few facts relevant

12 to this case which the material witness is competent to testify: i.e. (a) his citizenship, (b) his

13 confinement in a closed compartment, and (c) whether the witness agreed to pay anyone. According

14 to preliminary interviews, all of the facts relevant to this case in the material witness' knowledge took

15 place over a very short period of time.

16        5.  I explained the general procedure for videotape depositions to the witness and explained

17 that, if he were released after the deposition, he may have to return to testify at trial if subpoenaed

18 by the government or defendant.  The witness indicated he is willing to return if arrangements for

19 his legal re-entry could be made and travel expenses provided.

20        I declare under penalty of perjury, under the laws of the United States of America, that the

21 foregoing is true and correct of my own personal knowledge, except as to those matters stated to be

22 based upon information and belief, and as to those matters, I am informed and believe them to be

23 true and correct.

24        Executed on June 12, 2008, in San Diego, California.

25                                  Respectfully Submitted,

26

27                                   / S / *Alan E. Ferguson*
                                     ALAN E. FERGUSON
28                                   Attorney for the Material Witness

                                         -2-

1  ALAN E. FERGUSON, ESQ.
   CA State Bar No. 103677
2  The Law Office of Alan Ferguson
   3200 Fourth Avenue, Ste. 207
3  San Diego, CA 92103-5716
   Telephone:  (619) 299-4999
4

5  Attorney for Material Witness

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                    (Honorable Anthony J. Battaglia)

11  UNITED STATES OF AMERICA,        )    Criminal Case No.    08cr1811-WQH
                                     )
12              Plaintiff,           )    POINTS AND AUTHORITIES IN
                                     )    SUPPORT OF MATERIAL WITNESS
13  vs.                              )    MOTION FOR VIDEOTAPE DEPOSITION
                                     )    AND REQUEST FOR STATEMENT OF
14  ANGEL RIOS,                      )    REASONS IN SUPPORT OF CUSTODY
                                     )
15                                   )    HRG DATE:  06/24/2008
                Defendant.           )    TIME:       9:30 a.m.
16                                   )    CRTRM:      A, 1st Floor
                                     )    JUDGE:      Anthony J. Battaglia
17  _____ )

18       TO   UNITED  STATES  ATTORNEY  KAREN  P.  HEWITT,  ASSISTANT  UNITED

19  STATES  ATTORNEY  PETER  MAZZA;  AND  TO  TIMOTHY  R.  GARRISON,  FEDERAL

20  DEFENDERS, ATTORNEY FOR DEFENDANT:

21       The Material Witness,  Rafael Cortes-Cortes, (hereafter "Material Witness") by and through

22  his counsel, Alan E. Ferguson, submits the following Memorandum of Points and Authorities in

23  support of his motion to take the videotaped deposition.

24                                   I.

25                             INTRODUCTION

26       On or about May 20, 2008, the Material Witness was detained by U.S. Border Patrol Agents

27  in connection with the arrest of the above captioned Defendant.  The defendant has been charged

28  with bringing in illegal aliens for financial gain and without presentation, and aiding and abetting,

1   in violation of Title 8 U.S.C. §1324(a)(2)(B)(ii), 8 U.S.C. §1324(a)(2)(B)(iii), and  18 U.S.C. §2;

2   and therefore the Material Witness has been detained as a Material Witness under 8 U.S.C. § 1227

3   (d).

4     The Material Witness is currently being held in U.S. Marshall custody in San Diego,

5   California.  After repeated efforts to secure a surety for this material witness, it has been determined

6   that no possible surety is either willing,  or able to post a bond for him to allow for his release from

7   custody during the pendency of this case.

8     It is unnecessary to keep the Material Witness in the United States because his testimony can

9   be preserved through the use of a videotaped deposition.  The Material Witness therefore requests

10  a court order that her testimony be preserved through the use of videotape depositions and, thereafter,

11  that he be allowed to return to Mexico.

12                  **II.**

13        **DEPOSITION IS MANDATED BY STATUTE**

14  A.  ***18 USC. § 3144***

15    Congress specifically enacted a statute to deal with the issue presented in this case, i.e.,

16  material witnesses who remain incarcerated owing solely to their inability to secure bond.  In

17  unmistakably plain language, Congress outlawed prolonged incarceration of such persons without

18  substantial justification.  "No material witness may be detained because of inability to comply with

19  any condition of release if the testimony of such witness can be secured by deposition, and if further

20  detention is not necessary to prevent a failure of justice."  18 U.S.C. § 3144. "Upon such a showing,

21  the district court must order [the witness'] deposition and prompt release." ***Torres-Ruiz v. United***

22  ***States District Court for the Southern District of California,*** 120 F.3d 933, 935 (9th Cir. 1997)

23  (emphasis in original).

24  B.  ***Federal Rule of Criminal Procedure 15***

25    A material witness also may secure his or her own release by filing a written motion in the

26  district court requesting a deposition and release. Fed. R. Crim. P. 15(a).  Under such circumstances,

27  "[i]f the deposition would prove admissible over any objection under the Confrontation Clause of

28  the United States Constitution or the Federal Rules of Evidence, then the material [witness] ***must***

1  be deposed rather than detained."  *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 413 (5th Cir. 1992)

2  (emphasis added).

3      Whenever due to exceptional circumstances of the case it is in the interests of justice
        that the testimony of a prospective witness of a party be taken and served for use at
4      trial, the court may upon motion of such party and notice to parties order that the
        testimony of such witness be taken by deposition .... "If a witness is detained
5      pursuant to section 3144 of title 18, United States Code, the court on written motion
        of the witness and upon notice to the parties may direct that the witness' deposition
6      be taken.  After the deposition has been subscribed the court may discharge the
        witness."  *Aguilar-Ayala*, 973 F.2d at 413 (quoting Fed. R. Crim. P. 15(a)).

7

8      Prolonged incarceration of the witnesses solely because of their inability to secure bond thus

9  violates the clearly stated intent of Congress and straightforward rulings by the Court of Appeals

10  prohibiting such practices. "[I]t is clear from a conjunctive reading [of Rule 15(a)] with § 3144 that

11  the discretion to deny the motion is limited to those instance in which the deposition would not serve

12  as an adequate substitute for the witness' live testimony: that a failure of justice would ensue were

13  the witness released.  Absent a failure of justice, the witness must be released."  *Torres-Ruiz*, 120

14  F.3d 933, 935 (*citing Aguilar-Ayala*, 973 F.2d at 413 (internal citations and internal quotations

15  omitted); see also *United States v. Rivera*, 859 F.2d 1204 (4th Cir. 1988).

16  C.    ***Defendant Has Not Met Her Burden to Defeat the Motion for Video Deposition***

17      To defeat a motion for video deposition of the material witness,  the burden is on the

18  opposing party to show admission of deposition testimony will result in a "failure of justice."  18

19  U.S.C. § 3144; *Torres-Ruiz*, 120 F.3d 933, 935. To meet this burden, defendant must make a

20  plausible showing the witness' testimony would be both ***material and favorable to his defense.  See***

21  ***United States v. Valenzuela-Bernal***, 458 U.S. 858, 866 (9182).

22      In *Valenzuela-Bernal*, the defendant was charged with transporting an illegal alien.  The

23  government detained the illegal alien as a material witness (Witness No. 1) but deported two' other

24  witnesses (Witnesses Nos. 2 and 3)(also illegal aliens) ***before*** defendant was able to  interview them.

25  Defendant appealed, claiming deportation of Witnesses Nos. 2 and 3 deprived  him of the

26  opportunity to determine whether their testimony would aid his defense.  According to the Supreme

27  Court, even though defendant knew what Witnesses 2 and 3 might have said to him to indicate

28  whether Witness No. 1 had legal status to be present in this country, defendant failed to show how

1   the deported witnesses' testimony would have been helpful to his defense. ***Valenzuela-Bernal,*** 458

2   U.S. at 873.

3        [I]t should be remembered that [defendant] was present throughout the commission
         of this crime.  No one knows better than he what the deported witnesses actually said
4        to him, or in his presence, that might bear upon whether he knew that [Witness No.
         1] was an illegal alien who had entered the country within the past three years.  And,
5        in light of the actual charge made in the indictment, it was only the status of [Witness
         No. 1] which was relevant to the defense. [Witness No. 1], of course, remained fully
6        available for examination by the defendant and his attorney.  We thus conclude that
         the [defendant] can establish no Sixth Amendment violation without making some
7        plausible explanation of the assistance he would have received from the testimony
         of the deported witnesses.    ***Valenzuela-Bernal,*** 458 U.S. at 871.

8

9        The Supreme Court's reasoning applies with even greater force in this case.  In ***Valenzuela-***

10  ***Bernal***, the witnesses were deported before defendant had the opportunity to interview them.  Here,

11  defendant has the opportunity to interview the material witness while he is incarcerated, and the

12  opportunity is extended to the defense.  As of this date, defendant has produced no evidence, nor has

13  he made any showing the material witness has material information helpful to his defense.  In short,

14  defendant has made no showing of a failure of justice.  Consequently, the material witness must be

15  deposed and released.

16                                              **II.**

17                          **EXCEPTIONAL CIRCUMSTANCES**

18                     **MANDATE DEPOSITION AND RELEASE**

19        As a prerequisite to an order for a deposition, the court must find exceptional circumstances

20  where the interests of justice require taking and preserving the testimony of a prospective witness

21  for possible use at trial.  Fed. R. Crim. P. 15(a).  Such a finding is clear and distinct from the

22  prerequisites of witness unavailability and material testimony that control the admission of a

23  deposition into evidence at trial. See ***United States v. Sines***, 761 F.2d 1434, 1439 (9th Cir. 1985).

24  As shown herein, this witness has met his burden to show exceptional circumstances sufficient to

25  merit grant of his motion for deposition and release.

26  A.        ***Prolonged Incarceration Is An Exceptional Circumstance***

27        In a case originating in the Southern District of California, the Ninth Circuit issued a writ of

28  mandamus ordering video depositions for material witnesses who were unable to secure bond "in

1  a straightforward and uncomplicated alien smuggling prosecution." Torres-Ruiz, 120 F.3d 933, 935.

2  In another case where the material witnesses had been in custody for a mere *three weeks,* the Fourth

3  Circuit held continued incarceration with no prospective surety available to post bond was an

4  exceptional circumstance justifying deposition and release of the material witnesses. *United States*

5  *v. Rivera,* 859 F.2d 1204, 1205 (4th Cir. 1988). As the Rivera Court observed, "humanitarian

6  considerations alone demand that something be done to release [the material witnesses] from

7  incarceration, when their only purpose for being incarcerated is to be witnesses. *And whether they*

8  *voluntarily flee after their depositions have been taken or whether the INS deports them back to*

9  *their countries of origin is beside the point."* *Rivera,* 859 F.2d 1205 (emphasis added).

10  The circumstances in this case are similar to *Torres-Ruiz* and *Rivera,* as the witness

11  continues to be held for no purpose other than to be a witness. Because a deposition serves as an

12  adequate alternative to his continued incarceration, this witness has "an overriding liberty interest

13  in not being detained as a material witness when the deposition procedure serves as an adequate

14  alternative to prolonged detention." *Aguilar-Ayala v. Ruiz,* 973 F.2d 411, 419-420 (5th Cir. 1992).

15  Under the standards articulated by the Court of Appeals, prolonged incarceration of a witness merely

16  because of the  inability to secure bond is an exceptional circumstance that mandates an immediate

17  deposition and release.

18  **III.**

19  **Deposition Preserves Defendants' Rights**

20  A.     *Deposition Preserves Defendants' Sixth Amendment Right to Confrontation*

21  Under ideal circumstances, the material witness would be deposed and released and would

22  subsequently return for defendants' trial. The Office of the United States Attorney in fact employs

23  well-established procedures whose goal is to ensure just such a result.  Prior to release, the

24  government is required to serve the material witness with a subpoena for the trial date and a travel

25  fund advance letter. Thus, under ideal circumstances, the material witness would return for trial and

26  questions about preserving defendants' rights to confront and cross-examine the material witness

27  would be moot.

28  / / / /

1        Even if the material witness does not return for trial, however, the material witness deposition

2 will be admissible in lieu of live testimony.  See **United States v. Rivera,** 859 F.2d 1204, 1205 (4th

3 Cir. 1988).  Admission of prior-recorded testimony by a witness who is unavailable for trial has in

4 fact been upheld for more than a century.  In 1895, the Supreme Court held admission of testimony

5 given at a defendant's first trial by a witness who died before the second trial did not violate the

6 confrontation clause.  **Mattox v. United States,** 156 U.S. 237 (1895).  Since that time, courts have

7 consistently upheld the principle that prior-recorded testimony later admitted at trial does not violate

8 a defendant's Sixth Amendment confrontation rights so long as: (1) there is some exceptional

9 circumstance where, in the interests of justice, it is necessary to take and preserve testimony outside

10 the court;  (2) the prior testimony was given at a hearing;  (3) an authorized person put the witness

11 under oath;  (4) defendant had the right to be present;  (5) defendant was represented by counsel who

12 was given a complete and adequate opportunity to cross-examine the witness; and (6) the witness

13 meets the criteria for unavailability.  See 18 U.S.C. § 3503; Fed. R. Civ. Proc., Rules 28 and 30; Fed.

14 R. Evid. 804(a); see also **California v. Green,** 399 US. 149, 163-164 (1970);  **Torres-Ruiz v. United**

15 **States District Court for the Southern District of California,** 120 F.3d 933 (9th Cir. 1997);

16 **Aguilar-Ayala v. Ruiz,** 973 F.2d 411, 413 (5th Cir. 1992);  **United States v. King,** 552 F.2d 833,

17 841-843 (9th Cir. 1976).

18        As shown above, this case presents exceptional circumstances where the interests of justice

19 mandate taking and preserving the material witness' testimony outside the court, i.e., by video

20 deposition.  Defendant's rights under the confrontation clause are preserved by the statutory

21 requirements for a deposition, including the presence of a person authorized to put the witness under

22 oath, defendants' rights to be present, defendants' rights to be represented by counsel, and defendants'

23 rights to completely and adequately cross-examine the witness.  See Fed.R.Civ.P. 28 and 30.

24 Moreover, these procedural requirements provide sufficient indicia of reliability to afford the trier

25 of fact a satisfactory basis for evaluating the truth of the prior statement, further protecting

26 defendant's rights under the confrontation clause. See **Dutton v. Evans,** 400 U.S. 74, 89 (1970);

27 **California v. Green,** 399 U.S. 149, 161 (1970).

28 / / / /

1    Finally, if the material witness fails to return for trial the deposition would be admissible, as

2  the material witness would meet the requirements for unavailability.  In the context of this case, an

3  unavailable witness is one who is out of the United States, providing the absence of the witness was

4  not procured by the party offering the deposition, or a witness whose attendance cannot be procured

5  by subpoena 18 U.S.C. § 3503, subd. (f); see also Fed, R. Crim. Proc., Rule 15; Fed. R. Evid. 804(a).

6  Where a material witness has left the United States voluntarily or even, by forced deportation, the

7  witness' later absence from trial does not violate defendant's rights under the confrontation clause

8  provided the government makes a reasonable effort to assure the witness' attendance at trial.

9  *Aguilar-Ayala v. Ruiz,* 973 F.2d at 417 (citing *United States V. Eufracio-Torres,* 890 F.2d 266, 270

10  (10th Cir. 1989); see also *United States v. Rivera,* 859 F.2d at 1205.

11    Before the material witnesses in *Eufracio-Torres* were forcibly deported, the government,

12  using procedures similar to those presently employed in the Southern District of California, "served

13  them with trial subpoenas, instructed them on how to return for trial and how to obtain the necessary

14  travel funds."  *Eufracio-Torres,* 890 F.2d at 270.  Although the witnesses did not appear for trial,

15  the Court of Appeals held their deposition testimony was admissible under such circumstances.

16  Where "the government has exhausted reasonable effort to assure that the witness will attend trial

17  . . . . So long as the government has employed reasonable measures to secure the witness' presence

18  at trial, the fact that the witness has nevertheless failed to appear will not preclude the admission of

19  deposition testimony.  Such a witness will be deemed 'unavailable' and the deposition is admissible

20  over the defendant's Confrontation Clause and hearsay objections." *Aguilar-Ayala,* 973 F.2d at 417

21  (quoting *Ohio v. Roberts*, 448 U.S. 56, 65 (1980)); see also Fed, R. Evid, 804(a).

22    Thus, even if the United States Attorney's reasonable and well-established procedures fail

23  to obtain the material witness' attendance at trial, statutory procedures for the taking of deposition

24  preserve defendant's Sixth Amendment confrontation rights, and would be admissible at trial.

25  B.    ***Deposition Preserves Defendants' Sixth Amendment Right to Compulsory Process***

26    "The only recent decision of this Court dealing with the right to compulsory process

27  guaranteed by the Sixth Amendment suggests that more than mere absence of testimony is necessary

28  to establish a violation of the right." *United States v. Valenzuela-Bernal,* 458 U.S. 858, 867 (1982)

1   (witnesses deported **before** defendant interviewed them).  Indeed, the Sixth Amendment does not

2   by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and

3   all witnesses;  rather "it guarantees him 'compulsory process for obtaining witnesses **in his favor**."

4   Id., quoting U.S. Const., Amdt. 6 (emphasis added).  Defendant cannot establish a violation of his

5   constitutional right to compulsory process merely by showing deportation of the witness deprived

6   him of his testimony.  See **Valenzuela-Bernal,** 458 U.S. at 867, "[He] must at least make some

7   plausible showing of how his testimony would have been both **material and favorable** to [his]

8   defense."  Id. (emphasis added); see also Fed. R. Crim. Proc., Rule 17(b) (requiring Government to

9   subpoena witnesses on behalf of indigent defendants "upon a satisfactory showing . . .  that the

10  presence of the witness is necessary to an adequate defense.").

11          In this case, the material witness has been in custody since May 20, 2008.  Since his arrest,

12  the material witness has been available for interview by the defense and the Assistant United States

13  Attorney, who have had the opportunity to ascertain the substance of any testimony the material

14  witness might provide at trial.  Because material witness testimony can be adequately preserved by

15  video deposition and they are subject to the subpoena power of this court, further detention is not

16  necessary to prevent a failure of justice.

17          Moreover, a guarantee from the government that the material witness will return for trial is

18  not a prerequisite for an order for video deposition. The government is required only to use

19  reasonable means to insure the appearance of the material witness.  See **Aguilar-Ayala v. Ruiz,** 973

20  F.2d 411, 417 (citing **United States v. Eufracio-Torres,** 890 F.2d 266, 270 (10th Cir. 1989). "We

21  gather from these cases that deposition testimony is admissible only if the government has exhausted

22  reasonable efforts to assure that the witness will attend trial. The ultimate success or failure of those

23  efforts is not dispositive.  So long as the government has employed reasonable measures to secure

24  the witness' presence at trial, the fact that the witness has nevertheless failed to appear will not

25  preclude the admission of deposition testimony.  Such a witness will be, deemed 'unavailable.'"

26  **Aguilar-Ayala** at 417-418 (citing **Ohio v. Roberts**, 488 U.S. 56, 65, (1980)).  Because material

27  witness testimony can be adequately preserved by video deposition and she is subject to the

28  subpoena power of this court, defendants' rights to compulsory process are protected and the court

1 | must order the deposition and release of the material witness.

2 | C. ***Deposition Preserves Defendants' Fifth Amendment Right to Due Process***

3 | "Due process guarantees that. a criminal defendant will be treated with that fundamental

4 | fairness essential to the very concept of justice. In order to declare a denial of it we must find that

5 | the absence of that fairness fatally infected the trial; the acts complained of must be of such quality

6 | as necessarily prevents a fair trial." ***Valenzuela-Bernal,*** 488 U.S. at 871, quoting ***Lisenba v.***

7 | ***California***, 314 U.S. 219, 236 (1941). In another context, the Court held that instances where the

8 | government withholds evidence required by statute to be disclosed constitute due process violations

9 | only when they "so infect the fairness of the trial as to make it 'more a spectacle or trial by ordeal

10 | than disciplined contest." ***Valenzuela-Bernal*** at 871, quoting ***United States v. Augenblick***, 393 U.S.

11 | 349, 356 (1969) (citations omitted).    For there to be a due process violation by release of the

12 | material witness in this case, defendant must provide "some explanation of how his/her testimony

13 | would have been favorable and material." Id.

14 | **CONCLUSION**

15 | Based on the discussion above, witness Rafael Cortes-Cortes, respectfully moves the Court

16 | for an order requiring his video deposition be taken as soon as possible, and for his immediate

17 | release from custody upon conclusion of the deposition.

18 |

19 |

20 | Dated: June 12, 2008                    By:    / S / *Alan E. Ferguson*
   |                                                ALAN E. FERGUSON
21 |                                                Attorney for the Material Witness

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1   Alan E. Ferguson
    CA Bar No. 103677
2   Attorney at Law
    3200 4ᵗʰ Ave., Ste. 207
3   San Diego, CA 92103-5716
    Tel.: 619-299-4999
4

5   Attorney for the Material Witness

6

7                    UNITED STATES DISTRICT COURT

8              SOUTHERN DISTRICT OF CALIFORNIA
                   (Honorable Anthony J. Battaglia)
9
    UNITED STATES OF AMERICA,        )    Criminal Case No.    08cr1811-WQH
10                                    )
                    Plaintiff,        )    DECLARATION OF SERVICE
11        v.                          )
                                      )    Persons Served: PETER MAZZA, AUSA
12   ANGEL RIOS,                       )              TIMOTHY R. GARRISON, F.D.
                                      )
13   _____Defendant._____ )    Date Served:    June 12, 2008

14        I, the undersigned declare under penalty of perjury that I am over the age of eighteen years

15   and not a party to this action; that I served the above named person the following documents:

16   NOTICE OF MOTION AND MOTION FOR MATERIAL WITNESS DEPOSITION; POINTS

17   AND AUTHORITIES IN SUPPORT OF MATERIAL WITNESS VIDEOTAPED DEPOSITION;

18   DECLARATION OF ALAN E. FERGUSON IN SUPPORT THEREOF; AND THE PROPOSED

19   ORDER FOR VIDEO DEPOSITION, in the following manner:

20   1)   X   By e-filing the documents with the Southern District Court via CM/ECF.

21

22   Executed on June 12, 2008 at San Diego, California.

23

24    / S / *Alan E. Ferguson*
      ALAN E. FERGUSON
25   Attorney for the Material Witness

26

27

28