**TIMOTHY R. GARRISON**
California State Bar No. 228105
E-Mail: Timothy_Garrison@fd.org
**BRIDGET KENNEDY**
California State Bar No. 253416
E-Mail: Bridget_Kennedy@fd.org
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666

Attorneys for Angel Rios

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE ANTHONY J. BATTAGLIA)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-1811-WQH |
| Plaintiff, | DATE: June 24, 2008<br>TIME: 9:30 A.M. |
| v. | RESPONSE AND OPPOSITION TO MATERIAL WITNESS'S MOTION FOR A VIDEOTAPE DEPOSITION |
| ANGEL RIOS, | |
| Defendant. | |

COMES NOW the defendant, ANGEL RIOS, by and through counsel, Timothy R. Garrison, Bridget Kennedy, and Federal Defenders of San Diego Inc., and hereby files this Response and Opposition to the Material Witness's motion for a videotape deposition.

**I.**

**THE MOTION FOR MATERIAL WITNESS DEPOSITIONS SHOULD BE DENIED BECAUSE SUCH DEPOSITIONS WOULD VIOLATE ANGEL RIOS'S SIXTH AMENDMENT RIGHT TO CONFRONTATION, THE MOTION IS INAPPROPRIATELY PREMATURE, AND THERE HAS BEEN NO SHOWING OF WITNESS UNAVAILABILITY**

Title 18, United States Code § 3144 governs the detention of individuals who may give testimony material to a criminal proceeding. This section provides that where the witness is not able to meet the conditions of the bond set by the court and is detained, the court <u>may</u> order the deposition of the witness where (1) deposition may secure the testimony of the witness and (2) further detention is not necessary to prevent

1 a failure of justice. 18 U.S.C. § 3144. In this case, the material witness has moved for a videotape deposition
2 pursuant to 18 U.S.C. § 3144. Although deposition might secure his testimony, this Court should order his
3 continued detention in order to protect the rights of ANGEL RIOS, or in the alternative, modify the conditions
4 of release so that the material witness can remain in the United States until this case is resolved. The failure
5 of this Court to so order would result in a failure of justice on several counts.

**A.    The Deposition of Material Witness Would Violate the Confrontation Clause of the Sixth Amendment.**

Depositions in criminal cases are generally disfavored for several reasons, including the threat they pose to the defendant's Sixth Amendment confrontation rights. United States v. Drougal, 1 F.3d 1546, 1551-52 (11th Cir. 1993). Criminal depositions are authorized only when doing so is "necessary to achieve justice and may be done consistent with the defendant's constitutional rights." Id. at 1551. See Fed. R. Crim. P. 15(a).

The Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), reaffirmed the principle — developed at common law, and incorporated into the Confrontation Clause of the Sixth Amendment by the Framers — that testimonial statements may not be admitted against a defendant where the defendant has not had the opportunity to cross-examine the declarant. This is true even where the statements fall within a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness." Id. at 60. In Crawford, the Court noted that the Sixth Amendment was drafted in order to protect against the "civil-law mode of criminal procedure" and "its use of *ex parte* examinations as evidence against the accused." Id. at 50. Such *ex parte* examinations implicate Sixth Amendment concerns because they are "testimonial" in nature. The "text of the Confrontation Clause reflects this focus" and applies to "witnesses against the accused - in other words, those who bear testimony." Id. at 51 (internal quotations omitted). Although the Court declined to define "testimonial" evidence, they noted that an "accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." Id. The Confrontation Clause does not permit such testimonial statements to be admitted at trial against an accused without the "constitutionally prescribed method of determining reliability," *i.e.*, confrontation. Id. at 62. In other words, "[w]here testimonial evidence is at issue

1  . . . the Sixth Amendment demands . . . unavailability [of the declarant] and a prior opportunity for cross-
2  examination." Id. at 68.
3       Despite Crawford's broad prohibition of testimonial statements at trial where the defendant has no
4  opportunity to confront the witness, there are some situations in which depositions may be taken nonetheless.
5  In these situations, the burden is on the moving party to establish exceptional circumstances justifying the
6  taking of depositions. Drougal, 1 F.3d 1546 at 1552 (citing United States v. Fuentes-Galindo, 929 F.2d 1507,
7  1510 (10th Cir. 1991)). The trial court's discretion is generally guided by consideration of certain "critical
8  factors," such as whether (1) the witness is unavailable to testify at trial; (2) injustice will result because
9  testimony material to the movant's case will be absent; and (3) countervailing factors render taking the
10 deposition unjust to the nonmoving party. Id. at 1552.
11      Here, because the material witnesses have not shown that any exceptional circumstances exist, their
12 motion for videotape depositions should be denied. When considering the issue, this Court must balance the
13 interests of the Government and the accused, as well as the interests of the material witness. Although the
14 material witness may have a liberty interest at stake, that interest is outweighed by Mr. Rios's constitutional
15 rights of confrontation and to due process of law.[1]
16      The Confrontation Clause serves several purposes: "(1) ensuring that witnesses will testify under oath;
17 (2) forcing witnesses to undergo cross-examination; and (3) permitting the jury to observe the demeanor of
18 witnesses." United States v. Sines, 761 F.2d 1434, 1441 (9th Cir. 1985). It allows the accused to test the
19 recollection and the conscience of a witness through cross-examination, and allows the jury to observe the
20 process of cross-examination and make an assessment of the witness' credibility. Maryland v. Craig, 497 U.S.
21 836, 851 (1990); Ohio v. Roberts, 448 U.S. 56, 63-64 (1980), overruled on other grounds by Crawford. In
22 a case such as the one at bar, where the material witness has received the benefit of the Government refraining

---

[1] Moreover, to the extent that the material witness would provide testimony favorable to Mr. Rios (which is unknown at this point, since Mr. Rios has not been provided with this witness' statements as of yet), his release would violate Mr. Rios's Sixth Amendment right to compulsory process.

from pressing criminal charges in return for his testimony against the accused,[2] it is important that the jury see the reaction and demeanor of the material witness when confronted with questions that will bring out such facts in order for the jury to decide whether to believe his statements and/or how much credit to give to his testimony. The jury's ability to make such an assessment would be compromised by a videotaped deposition because the tape may not preserve subtle reactions of the witness under cross-examination that may favor the accused.

Moreover, the decision to grant video depositions is governed by Federal Rule of Criminal Procedure 15(a), which states that a material witness's deposition may be taken only upon a showing of "exceptional circumstances." United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998). The material witness here argues that his continued incarceration constitutes a hardship, and that this fact is sufficient to satisfy his burden of proof under Rule 15(a). See Torres-Ruiz v. United States District Court, 120 F.3d 933, 935-36 (9th Cir. 1997). This proffer and supporting declarations, however, are insufficient to establish extraordinary circumstances for several reasons.

To begin with, incarceration alone does not rise to the level of extraordinary circumstances. The Court in Torres-Ruiz made clear that extraordinary circumstances require "tremendous hardship." 120 F.3d at 936. In Torres-Ruiz, the material witnesses were both "the sole support for their respective families in Mexico." Id. at 935 (emphasis added). Thus, incarceration in that case had the additional effect of depriving their family members of their only means of support. In Torres-Ruiz, the material witnesses' families were "suffering extreme hardship as a result of petitioners' continued detention." 120 F.3d at 936. No such hardship has been alleged in this case. The material witness has only alleged that incarceration, in and of itself, is an exceptional circumstance. Incarceration, alone, clearly does not rise to the level of "tremendous hardship" under Torres-Ruiz to equal extraordinary circumstances. 120 F.3d at 936.

---

[2] This Court should be mindful of the fact that the only reason the Government has not charged the material witness with a crime is that the Government seeks to introduce his testimony against the accused. The material witnesses could have been charged with illegal entry under 8 U.S.C. § 1325, which carries a maximum sentence of six (6) months imprisonment. Needless to say, the Government would not concern itself with the material witness' liberty interest had they, in fact, charged him with this offense.

1   Furthermore, this Court should consider the unique circumstances distinguishing the Ninth Circuit's
2 decision in Torres-Ruiz. Unlike this case, in Torres-Ruiz the material witnesses' motion for videotape
3 deposition was unopposed by the defendant. Id. at 934-35. Perhaps more importantly, in Torres-Ruiz the
4 defendant entered a guilty plea less than two weeks after the motion for deposition was made, indicating that
5 the case was already near disposition when the motion was made. Id. at 936-37. The instant case, however,
6 stands in a much different procedural posture.

7 **B.     The Motion to Depose Material Witnesses Is Premature Because Mr. Rios Has Not Been Granted Sufficient Time to Formulate a Theory of the Case.**
8

9   Mr. Rios has pled not guilty to all counts of the Indictment. Substantive motions beyond a standard
10 discovery motion by the defendant have yet to be filed in this case — in fact, this motion is to be heard before
11 the motion hearing date. Defense counsel has not yet had an opportunity to interview the material witnesses,
12 nor has any investigation been completed in this case. In short, it is very early in the case. To require Mr.
13 Rios to cross-examine the material witness at the current juncture of the proceedings would severely prejudice
14 his future trial rights. Due to the stage of the proceedings, Mr. Rios's theory of the defense is incomplete at
15 this point. Without such complete formulation, any cross-examination of the material witness at this point
16 would be at best meaningless, and at worst ineffective and potentially harmful to Mr. Rios and his defense.

17   By its express language, Federal Rule of Criminal Procedure 15(a) provides that "[a] party may move
18 that a prospective witness be deposed in order to preserve testimony for trial." (Emphasis added). Title 18
19 U.S.C. § 3144 further provides that "[r]elease of a material witness may be delayed for a reasonable period
20 of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure."
21 (Emphasis added). Put another way, these rules confer no right to move for a deposition where the material
22 witness is relevant for a pretrial evidentiary hearing. Rather, these rules authorize the detention of a material
23 witness, and more importantly, they preclude the release of the material witness at least until after any pretrial
24 evidentiary hearings are concluded.

25   In short, the motion for a deposition and release of the material witness is premature and should —
26 at the very least — be decided after there has been an evidentiary hearing on the motions in this matter.[3]

27 ─────────────────────

28   [3] If this Court orders the material witness released, he will be deported from the United States and would thus be outside of the subpoena power of the district judge. Obviously, this Court cannot so interfere with the district judge's Article III powers by ordering the release of witnesses who are

**C.     The Motion for Deposition Should Be Dismissed Because There Has Been No Showing of the Unavailability of the Witness.**

Finally, if the Court determines that the detention of the material witness must be reviewed at this point in time, the Court can easily resolve the issue by modifying the conditions of release for the material witness so that his continued detention would be unnecessary. Conditions of release for material witnesses are governed by 18 U.S.C. § 3142. Under this section, "[t]he judicial officer <u>shall</u> order the pretrial release of the person on personal recognizance, or upon execution of an unsecured personal appearance bond . . .unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required . . . ." 18 U.S.C. § 3142(b) (2004) (emphasis added). Clearly, § 3142(b) suggests that this Court can order that the material witness be released on his own recognizance. The material witness has no incentive not to come back to court to testify. He is not being charged with a crime. The material witness has no incentive to flee the country. Indeed, if the statement of facts in support of the complaint in this case is to be believed, this material witness was prepared to pay money to be smuggled illegally into the United States. Therefore, he obviously wants to remain in this country, fully within the subpoena power of the Court.

Moreover, the Bail Reform Act states that "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2) (2004). This mandate, combined with the preference for release upon one's own recognizance, strongly suggests that the proper remedy for the material witness in this case is a motion to modify the terms of his release, not for the draconian remedy of immediately ordering a videotape deposition and deporting him to the Republic of Mexico, especially not at this very early stage of the proceedings.

//
//
//
//
//
//

---

necessary for the adjudication of pretrial motions. Indeed, because this Court is empowered by Congress not by Article III of the Constitution, such a holding would run afoul of the separation of powers doctrine.

1  Because the deposition of material witness would violate Mr. Rios's Sixth Amendment right to
2 confrontation, would be inappropriately premature and would fail to meet underlying procedural requirements
3 — including the unavailability of witnesses — the government's motion should be denied.

Respectfully submitted,

6 DATED: June 23, 2008

 /s/ TIMOTHY R. GARRISON
TIMOTHY R. GARRISON
Federal Defenders of San Diego, Inc.
timothy_garrison@fd.org

 /s/ BRIDGET KENNEDY
BRIDGET KENNEDY
Federal Defenders of San Diego, Inc.
bridget_kennedy@fd.org

Attorneys for ANGEL RIOS

1 **BRIDGET KENNEDY**
California State Bar No. 253416
2 FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
3 San Diego, California 92101-5030
Telephone (619) 234-8467
4 Facsimile (619) 687-2666
bridget_kennedy@fd.org
5
6 Attorneys for Mr. Rios
7
8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10             **(HONORABLE ANTHONY J. BATTAGLIA)**

11 UNITED STATES OF AMERICA,   )   Case No. 08CR1811-WQH
                              )
12        Plaintiff,          )
                              )
13 v.                         )   PROOF OF SERVICE
                              )
14 **ANGEL RIOS**,            )
                              )
15        Defendant.          )
                              )
16
17        Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of
18 her information and belief, and that a copy of the foregoing document has been served via CM/ECF this day
19 upon:
20        **United States Attorney**
          efile.dkt.gc1@usdoj.gov
21
22 Dated: June 23, 2008                    *s/ Bridget L. Kennedy*
                                           **BRIDGET L. KENNEDY**
23                                         Federal Defenders
                                           225 Broadway, Suite 900
24                                         San Diego, CA 92101-5030
                                           (619) 234-8467  (tel)
25                                         (619) 687-2666  (fax)
                                           e-mail:bridget_kennedy@fd.org
26
27
28