1  **TIMOTHY R. GARRISON**
   California Bar No. 228105
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Tel: (619) 234-8467 ext. 3722 / Fax: (619) 687-2666
4  timothy_garrison@fd.org

5  Attorneys for ANGEL RIOS

8  UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

10  **(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08CR1811-WQH |
| Plaintiff, | DATE:   July 21, 2008<br>TIME:   2:00 p.m.<br><br>NOTICE OF MOTIONS AND MOTIONS TO:<br>1) DISMISS THE INDICTMENT DUE TO MISINSTRUCTION OF THE GRAND JURY;<br>2) COMPEL DISCOVERY AND PRESERVE EVIDENCE; AND<br>3) GRANT LEAVE TO FILE FURTHER MOTIONS |
| v. | |
| ANGEL RIOS, | |
| Defendant. | |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
      PETER MAZZA, ASSISTANT UNITED STATES ATTORNEY:

**PLEASE TAKE NOTICE** that on July 21, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the accused, ANGEL RIOS, by and through her attorneys, Timothy R.

Garrison, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the motions listed below.

## MOTIONS

ANGEL RIOS, the accused in this case, by and through counsel, Timothy R. Garrison, and Federal Defenders of San Diego, Inc., pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution, Federal Rules of Criminal Procedure and all other applicable statutes, case law and local rules, hereby moves this court for an order:

1) Dismiss the Indictment Due to Misinstruction of the Grand Jury;
2) Compel Discovery and Preserve Evidence; and
3) Grant Leave to File Further Motions

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated: June 30, 2008

/s/ *Timothy R. Garrison*
**TIMOTHY R. GARRISON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Rios
timothy_garrison@fd.org

2                    08CR1811-WQH

**TIMOTHY R. GARRISON**
California Bar No. 228105
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Tel: (619) 234-8467 ext. 3722 / Fax: (619) 687-2666
timothy_garrison@fd.org

Attorneys for ANGEL RIOS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE THOMAS J. WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANGEL RIOS,<br><br>    Defendant. | Case No. 08CR1811-WQH<br><br>DATE:  July 21, 2008<br>TIME:  2:00 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

## I.

## STATEMENT OF FACTS

To the extent the following statement of facts is based upon materials provided by the government, Mr. Rios reserves the right to take a contrary position at motion hearings and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

Mr. Rios was arrested on May 20, 2008 at the San Ysidro Port of Entry. Agents of the government allege they found a person hidden in the car. On June 4, 2008, the government filed a two count indictment charging a violations of 8 U.S.C. §1324, and 18 U.S.C. §2.

These motions follow.

///
///
///
///

II.

**DISMISS THE INDICTMENT DUE TO MISINSTRUCTION OF THE GRAND JURY.**

The indictment in the instant case was returned by the January 2007 grand jury. That grand jury was instructed on January 11, 2007. The instructions to the impaneled grand jury deviate from the instructions at issue in the major Ninth Circuit cases challenging a form grand jury instruction previously given in this district in several ways.[1] First, instructing grand jurors that their singular duty is to determine whether or not probable cause exists and that they have no right to decline to indict when the probable cause standard is satisfied. Second, instructing grand jurors of a non-existent prosecutorial duty to present exculpatory evidence. These instructions compounded by the erroneous instructions and comments to prospective grand jurors during *voir dire* of the grand jury panel, which immediately preceded the instructions. Therefore, the indictment should be dismissed.

III.

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Mr. Rios moves for the production of all discovery listed below. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan,* 868 F.2d 1032 (9th Cir. 1989). If the government fails to produce said discovery prior to the motion hearing, Mr. Rios asks the government be precluded from using it <u>at all</u> in trial.

(1) <u>The Defendant's Statements</u>. The government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; *see* Fed. R. Crim. P. 16, any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral

---

[1] *See, e.g., United States v. Cortez-Rivera*, 454 F.3d 1038 (9th Cir. 2006); *United States v. Navarro-Vargas*, 408 F.3d 1184 (9th Cir.) (*en banc*), cert. denied, 126 S. Ct. 736 (2005) (*Navarro-Vargas II*); *United States v. Navarro-Vargas*, 367 F.3d 896 (9th Cir. 2004)(*Navarro-Vargas I*); *United States v. Marcucci*, 299 F.3d 1156 (9th Cir. 2002) (per curiam). Because the court and the government are familiar with this motion, only a truncated version of it has been filed. If the Court or the government request further briefing on this issue, or the transcript from the grand jury proceedings, then it will be provided forthwith.

1 statements contained in the handwritten notes of the government agent; any response to any *Miranda*
2 warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed.
3 R. Crim. P. 16(a)(1)(A)[2]. The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear
4 that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether
5 the government intends to make any use of those statements. Federal Rule of Criminal Procedure 16 is
6 designed "to protect the defendant's rights to a fair trial." *United States v. Rodriguez*, 799 F.2d 649 (11th Cir.
7 1986); *see also United States v. Noe*, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to
8 provide statements offered in rebuttal -- government's failure to disclose statements made by the defendant
9 is a serious detriment to preparing trial and defending against criminal charges).

10   (2) <u>Arrest Reports and Notes</u>. The defendant also specifically requests that the government turn
11 over all arrest reports, notes and TECS records not already produced that relate to the circumstances
12 surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes,
13 records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any
14 other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A)
15 and *Brady v. Maryland*. The government must produce arrest reports, investigators' notes, memos from
16 arresting officers, sworn statements, and prosecution reports pertaining to the defendant. *See* Fed. R. Crim.
17 P. 16(a)(1)(B) and (C), 26.2 and 12(I); *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (original
18 notes with suspect or witness must be preserved); *see also United States v. Anderson*, 813 F.2d 1450, 1458
19 (9th Cir. 1987) (reaffirming *Harris*' holding).

20   (3) <u>Brady Material</u>. The defendant requests all documents, statements, agents' reports, and
21 tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the
22 government's case. *Kyles v. Whitley*, 514 U.S. 419 (1995). Under *Brady, Kyles* and their progeny,
23 impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused.
24 *See also United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976). This
25 includes information obtained from other investigations which exculpates Mr. Rios.

---

28   [2] Of course, any of Mr. Rios's statements, which are exculpatory, must be produced, as well.
*See Brady v. Maryland*, 373 U.S. 83 (1963).

1      (4)    <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  The government must also produce this information under *Brady v. Maryland*.  This request includes any cooperation or attempted cooperation by the defendant, as well as any information, including that obtained from other investigations or debriefings, that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

    (5)    <u>The Defendant's Prior Record</u>.  The accused requests disclosure of his prior record.  Fed. R. Crim. P. 16(a)(1)(B).

    (6)    <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for which introduction is sought.  This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence which the government may use as rebuttal.  *See United States v. Vega*, 188 F.3d 1150 (9th Cir. 1999).  The defendant is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of prejudice." *Id.; United States v. Perez-Tosta*, 36 F.3d 1552, 1560-61 (11th Cir. 1994).  If the Court chooses not to exclude such evidence because it was not produced or noticed prior to the instant motion hearing, Mr. Rios requests such reasonable notice and discovery be produced at least two weeks before trial so as to adequately investigate and prepare for trial.

    (7)    <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(E).

    (8)    <u>Request for Preservation of Evidence</u>.  The defendant specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case.  This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party in relation to this case.  Specifically, Mr. Rios

1 moves to preserve the following evidence: **the vehicle seized, any personal effects of the defendants; any cell phones seized, and the agents notes of the interrogation.**

(9)   Henthorn Material.  Mr. Rios requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. *Kyles*, 514 U.S. at 419; *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Lacy*, 896 F. Supp. 982 (N.D. Ca. 1995).  At a minimum, the prosecutor has the obligation to inquire of his agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(10)   Tangible Objects.  The defendant requests the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(E).  Specifically, to the extent they were not already produced, the defendant requests copies of all photographs in the government's possession, including, but not limited to, the defendant and any other photos taken in connection with this case.

(11)   Expert Witnesses.  The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).  The defense requests that notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert.  Also pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defense requests summaries of any expert witness the government intends to call, along with the identities of those witnesses and the specific materials relied upon by its experts in formulating the opinion.  *United States v. Fort*, 472 F.3d 1106, 1121 (9th Cir. 2007)("materials on which a proposed expert witness relies [in developing his opinions] must be produced to Defendants in discovery).  The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert.  *See Kumho v. Carmichael Tire Co.* 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . ..").

1  (12)  <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defense requests the reports of all tests and examinations conducted upon the evidence in this case that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or which are intended for use by the government as evidence in chief at the trial. Specifically, the defense requests the DEA-7.

(13)  <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(14)  <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  *See* Fed. R. Evid. 608, 609 and 613; *Brady v. Maryland*.

(15)  <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(16)  <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(17)  <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material, including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at the request of the defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1).  *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see also United States v. Boshell*, 952

1  F.2d 1101 (9th Cir. 1991) (holding that, where an agent goes over interview notes with subject, interview notes
2  are subject to Jencks Act).

3    (18) <u>Giglio Information</u>.  Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant
4  requests all statements and/or promises, express or implied, made to any government witnesses, in exchange
5  for their testimony in this case, and all other information which could arguably be used for the impeachment
6  of any government witnesses.

7    (19) <u>Agreements Between the Government and Witnesses</u>.  In this case, the defendant requests
8  identification of any cooperating witnesses who have committed crimes, but were not charged, so that they
9  may testify for the government in this case.  The defendant also requests discovery regarding any express or
10 implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind
11 of agreement or understanding, including any implicit understanding relating to criminal or civil income tax,
12 forfeiture or fine liability between any prospective government witness and the government (federal, state
13 and/or local).  This request also includes any discussion with a potential witness about, or advice concerning,
14 any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not
15 followed.

16   Pursuant to *United States v. Sudikoff*, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests <u>all</u>
17 statements made, either personally or through counsel, <u>at any time</u>, which relate to the witnesses' statements
18 regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of
19 these witnesses, any agreement sought, bargained for or requested, on the part of the witness at any time.

20   (20) <u>Informants and Cooperating Witnesses</u>.  To the extent that there was any informant, or any
21 other tip leading to a TECS hit in this case, the defendant requests disclosure of the names and addresses of
22 all informants or cooperating witnesses used, or to be used, in this case, and in particular, disclosure of any
23 informant who was a percipient witness in this case or otherwise participated in the crime charged against
24 Mr. Carrasco-Rivera.  The government must disclose the informant's identity and location, as well as the
25 existence of any other percipient witness unknown or unknowable to the defense.  *Roviaro v. United States*,
26 353 U.S. 53, 61-62 (1957).  The government must disclose any information derived from informants which
27 exculpates or tends to exculpate the defendant.
28

(21)  <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio v. United States*. Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(22)  <u>Residual Request</u>.  Mr. Rios intends, by this discovery motion, to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Rios requests that the government provide her attorney with the above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## IV.

## **MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Rios and defense counsel have received no discovery in this case. As new information surfaces due to the government providing discovery in response to these motions, or an order of this Court, defense may find it necessary to file further motions, or to supplement existing motions with additional facts. The denial of this motion will result in a violation, at a minimum, of Mr. Rios's Fifth and Sixth Amendment rights. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

Respectfully submitted,

DATED:  June 30, 2008

 */s/ Timothy R. Garrison*
TIMOTHY R. GARRISON
Federal Defenders of San Diego, Inc.
Attorneys for ANGEL RIOS
timothy_garrison@fd.org

1  **TIMOTHY R. GARRISON**
   California Bar No. 228105
2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Tel: (619) 234-8467 / Fax: (619) 687-2666
4  Timothy_Garrison@fd.org

5  Attorneys for ANGEL RIOS

                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

                   **(HONORABLE WILLIAM Q. HAYES)**

| UNITED STATES OF AMERICA, | ) Case No. 08CR1811-WQH |
|---|---|
| Plaintiff, | ) |
| v. | ) **PROOF OF SERVICE** |
| ANGEL RIOS, | ) |
| Defendant. | ) |

**I HEREBY CERTIFY** that on June 30, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                              /s/  *Timothy R. Garrison*
                              **TIMOTHY R. GARRISON**
                              California Bar No. 228105
                              Federal Defenders of San Diego, Inc.
                              225 Broadway, Suite 900
                              San Diego, CA 92101
                              Tel: (619) 234-8467 / Fax: (619) 687-2666
                              Timothy_Garrison@fd.org

                              Attorneys for Mr. ANGEL RIOS

## SERVICE LIST

**United States v. ANGEL RIOS**
Case No. 08CR1811-WQH
United States District Court, Southern District of California

**Peter Mazza**
peter.mazza@usdoj.gov
Efile.dkt.gc2@usdoj.gov
lilian.ruiz@usdoj.gov

**Alan E Ferguson**
aefergie@bigfoot.com

[*Service via CM/ECF*]