KAREN P. HEWITT
United States Attorney
PETER J. MAZZA
Assistant U.S. Attorney
California State Bar No. 239918
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-5528/(619) 235-2757 (Fax)
peter.mazza@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 08CR1811-WQH |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' TRIAL MEMORANDUM** |
| | ) | |
| v. | ) | |
| | ) | Date:     September 3, 2008 |
| ANGEL RIOS, | ) | Time:     9:00 a.m. |
| | ) | Hon.:     William Q. Hayes |
| Defendant. | ) | |

COMES NOW Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and PETER J. MAZZA, Assistant United States Attorney, and hereby files its Trial Memorandum.

//

//

//

//

//

//

//

//

//

# I.

## STATEMENT OF THE CASE

### A.   CHARGES & INDICTMENT

On June 4, 2008, a federal grand jury indicted Defendant Angel Rios on two counts: (1) bringing in an illegal alien for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii); and (2) bringing in illegal aliens without presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii).  Defendant entered a not guilty plea at the June 5, 2008.

### B.   TRIAL STATUS

Trial is scheduled for September 3, 2008 at 9:00 a.m., before the Honorable William Q. Hayes.  The United States anticipates that its case-in-chief will take one day.

### C.   STATUS OF DEFENDANT

Defendant remains on bond after his June 16, 2008 pretrial release.

### D.   STATUS OF COUNSEL

Defendant is represented by Timothy Garrison and Bridget Kennedy, Federal Defenders of San Diego, Inc. (appointed counsel).

### E.   INTERPRETER

The United States will need a Spanish language interpreter for at least one of its witnesses.  The Government is unaware of whether Defendant will require an interpreter.

### F.   JURY WAIVER

Defendant has not waived trial by jury.

//

//

//

G.    **PRETRIAL MOTIONS**

On June 30, 2008, Defendant filed motions to: (1) dismiss the indictment due to misinstruction of the grand jury; (2) compel discovery and preserve evidence; and  (3) grant leave to file additional motions.  On July 14, 2008, the United States responded to each of the above-described motions.  The Court held a motion hearing on July 21, 2008.  The Court set a hearing on motions in limine for September 2, 2008 at 2:00 a.m.

H.    **STIPULATIONS**

The parties have not agreed to any stipulations.

I.    **DISCOVERY**

To date the United States has produced 80 pages of discovery and one dvd to the Defendant.  The Government has complied, and will continue to comply, with its discovery obligations.  Defendant has not provided any reciprocal discovery.

**II**

**STATEMENT OF FACTS**

A.    **Primary Inspection**

On May 20, 2008, at approximately 1:52 a.m., Defendant entered the San Ysidro, California Port of Entry as the driver, registered owner, and sole visible occupant of a 1996 Mitsubishi Eclipse, bearing California license plate number 5PNB841.  Defendant presented his I-551 card to Customs and Border Protection Officer (CBPO) Sheryl Reese at primary inspection.  Officer Reese noticed that Defendant took unusual care in opening the glove box when Officer Reese asked Defendant to retrieve the vehicle's registration documents.  Officer also observed Defendant's hand shaking when he handed his I-551 card to her.  Officer Reese questioned Defendant about his origin of travel

in Mexico.  Defendant stated he had visited his aunt and was going to San Diego, California.  Defendant then made two negative customs declarations in response to inquiries from CBPO Reese.  Officer Reese referred Defendant and his vehicle to secondary inspection for further examination.

**B.    Secondary Inspection**

At secondary inspection, CBP Canine Enforcement Officer (CEO) Michael Sagawa inspected the vehicle with his human/narcotics detection dog.  The dog immediately alerted to the vehicle.  Upon entering the passenger compartment, the dog indicated the presence of a person/contraband in the dashboard area of the car.  CEO Sagawa removed the dog from the vehicle and inspected the dash.  He observed human skin and hair and dark clothing through a gap between the dashboard and the glove box.  A lone male individual, later identified as Rafael Cortes-Cortes, was removed from a specially modified compartment inside the dashboard.  Officers could see Cortes-Cortes's feet through an opening under the dashboard of the vehicle.  Officers observed that Cortes-Cortes was positioned horizontally behind the dashboard with his feet toward the driver's side.  Officers removed Cortes-Cortes after pulling the dashboard panel upward.

Officers determined Cortes-Cortes was a citizen and native of Mexico without any legal right to enter or remain in the United States.  Officers took Defendant into custody.

**C.    Defendant's Statement**

At approximately 3:18 a.m., Defendant was advised of his <u>Miranda</u> rights in the English language.  Defendant invoked his right to counsel.

//

**D.    <u>Material Witness's Statement</u>**

The material witness, Rafael Cortes-Cortes, stated that he is a Mexican citizen by birth and that he does not possess any documents that would permit his legal entry into the United States.  Cortes-Cortes admitted to having tried to enter the United States previously. He further admitted that he was removed from the United States on May 19, 2008.

Cortes-Cortes stated he personally made arrangements with an unknown smuggler in Mexico to be smuggled into the United States for $2,500.  Cortes-Cortes stated the smuggler drove him to a house where he was eventually loaded into Defendant's vehicle.  According to Cortes-Cortes, the vehicle made a brief stop on the way to the port of entry.  Cortes-Cortes believed that someone got out of the vehicle during the brief stop.  He informed agents that he heard two men speaking in Spanish during the stop.  Cortes-Cortes stated that one man told the other to "get out."  Cortes-Cortes estimated that he was in the compartment for approximately ten minutes before being removed by the officers at the port of entry.

**E.    <u>Defendant's Criminal Record</u>**

Defendant does not have any prior convictions.

**III**

**<u>LEGAL ISSUES</u>**

**A.    <u>Elements of the Charged Offenses</u>**

    **1.    Elements of Title 8, United States Code, Section 1324(a)(2)(B)(ii)(Bringing in for Financial Gain)**

Defendant is charged in Count 1 with bringing in illegal aliens for financial gain.  The essential elements of a violation of 8 U.S.C. Section 1324(a)(2)(B)(ii) are:

5

     a.    Defendant brought, or attempted to bring, a person to the United States who was not a citizen of the United States;

     b.    That person had not received prior official authorization to come to, enter, or reside in the United States;

     c.    Defendant knew, or was in reckless disregard of the fact, that the person had not received prior official authorization to come to, enter, or reside in the United States; and

     d.    Defendant acted for the purpose of commercial advantage or private financial gain and with the intent to violate the immigration laws of the United States.

**2.   Elements of Title 8, United States Code, Section 1324(a)(2)(B)(iii)(Bringing in Without Presentation)**

Defendant is charged in Count 2 with bringing in illegal aliens without presentation. The essential elements of a violation of 8 U.S.C. Section 1324(a)(2)(b)(iii) are:

     a.    Defendant brought or attempted to bring a person to the United States;

     b.    The person was not a citizen of the United States and had not received prior authorization to come to, enter, or reside in the United States;

     c.    Defendant knew or acted in reckless disregard of the fact that the person had not received prior official authorization to come to, enter, or reside in the United States when the Defendant brought in, or attempted to bring, the person into the United States;

     d.    Defendant failed to bring and present the person immediately upon arrival to an appropriate immigration officer at a designated port of entry; and

     e.    Defendant acted with the intention of violating the immigration laws of the United States.

**3.   Elements of Title 18, United States Code, Section 2, Aiding and Abetting**

The essential elements of Title 18, United States Code, Section 2, aiding and abetting are:

     a.    The bringing in of aliens was committed by someone;

08CR1811-WQH

b. Defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the bringing in or transportation of aliens; and

c. Defendant acted before the crime was completed.

**B.   Expert Testimony**

Out of an abundance of caution, the United States has given notice that it may call CBPO Elizabeth Rangel-Machuca to testify regarding Defendant's crossings as well as the crossings of the load vehicle, which is registered in Defendant's name.

**C.   Legal Issues**

**1.   Section 1324(a)(2)(B)(ii) of Title 8 Requires Proof That The Illegal Alien Was Brought In For Financial Gain, But Does Not Require Proof That Defendant Brought In The Illegal Alien For Defendant's Own Personal Financial Gain**

The plain language of 8 U.S.C. § 1324(a)(2)(B)(ii) requires only that the offense be done for the purpose of commercial advantage or private financial gain -- not that the defendant himself act for that reason. See 8 U.S.C. § 1324(a)(2)(B)(ii) (describing "an offense done for the purpose of commercial advantage or private financial gain"). The "offense done" is bringing aliens to the United States or attempting to bring aliens to the United States as defined in Section 1324(a)(2). Accordingly, the United States need not prove that Defendant acted "for the purpose of commercial advantage or private financial gain."

In United States v. Angwin, 271 F.3d 786, 805 (9th Cir. 2001), overruled on other grounds, United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007) (en banc), the Ninth Circuit squarely addressed this issue. In Angwin, the Ninth Circuit found that 8 U.S.C. § 1324(a)(2)(B)(ii), "does not require evidence of an actual payment or even an agreement to pay" but "merely requires that the offense was done for the purpose

1  of financial gain." <u>Id.</u>  As such, the <u>Anqwin</u> court found that the

2  United States did not have to provide evidence of the defendant's

3  personal financial gain.   Following the <u>Anqwin</u> court, the Ninth

4  Circuit has also stated "[b]ecause [the defendant] was charged as an

5  aider and abettor under 18 U.S.C. § 2, the government could make out

6  this element merely by proving that a principal -- not necessarily

7  [the defendant] himself -- committed the crime with a pecuniary

8  motive; it need not show 'actual payment or even an agreement to

9  pay.'"  <u>United States v. Tsai</u>, 282 F.3d 690, 697 (9th Cir. 2001)

10 (quoting <u>Anqwin</u>); <u>see also</u> <u>United States v. Schemenauer</u>, 394 F.3d 746,

11 751 (9th Cir. 2005) (concluding evidence sufficient to sustain a

12 conviction for financial gain where evidence only established that

13 defendant had an expectation to share in payments made to smuggle

14 alien).  As both the plain language of the statute and the cases above

15 demonstrate, Section 1324(a)(2)(B)(ii) requires that the United States

16 prove only that somebody brought an alien to the United States for the

17 purpose of commercial advantage or financial gain -- not that the

18 defendant himself acted for his own personal profit.

19                                  **IV**

20                             <u>**WITNESSES**</u>

21      The Government reserves the right to change the order of,

22 substitute, or add or omit one or more witnesses.  Presently, the

23 Government may call the following witnesses during its case-in-chief:

24      1.   Elizabeth Rangel-Machuca, Customs and Border Protection

25      2.   Manuel Acevedo, Customs and Border Protection

26      3.   Sheryl Reese, Customs and Border Protection

27      4.   Michael R. Sugawa, Customs and Border Protection

28      5.   Liliana Deanda, Customs and Border Protection

6.    Edward Chavoya, Customs and Border Protection

7.    Mr. Rafael Cortes-Cortes

8.    Mr. Samuel Cortes

**V**

**EXHIBIT LIST**

The Government will provide an exhibit list on the morning of trial.  The United States intends to offer into evidence some or all of the following exhibits:

1.    Photographs of Vehicle

2.    Photographs of compartment

3.    Photographs of San Ysidro Port of Entry

4.    Documents seized from the vehicle

5.    Treasury Enforcement Communication (TECS) crossing history documents

The Government will make its exhibits available to the Defendant for examination in advance of trial.  The Government further requests a reasonable opportunity to examine Defendant's exhibits before trial.

**VI**

**PROPOSED VOIR DIRE**

1.    The Court will instruct you about the law. Will you follow the law as given by the Court and disregard any idea or notion you have about what the law is or should be?

2.    The United States will be calling witnesses who are employed by United States Customs and Border Protection, and possibly other branches of the Department of Homeland Security. Does anyone have family members or close friends who work, or have worked, for any of those agencies (or their predecessor agencies: the U.S. Customs Service and

08CR1811-WQH

Immigration and Naturalization Service)?    Would that prevent you from being fair and impartial?

3.   Has anyone had an unpleasant or negative experience with any law enforcement personnel? If so, please describe. Would that cause you to be biased against law enforcement?

4.   Has anyone ever had any disputes with any agency of the United States Government? If so, please describe.

5.   Have you or any relatives or close friends ever been accused of, or charged with, a crime involving alien smuggling?

6.   Has anyone had any training in the law? If so, please explain.

7.   Will you be able to put aside any feelings of sympathy or pity for the defendant, if you have any, when deciding this case?

8.   Does everybody understand that the defendant is entitled to a fair trial? Does everybody understand that the United States is also entitled to a fair trial?

9.   Does anyone have any moral or religious reservations that might prevent you from standing in judgment of another human being?

10.  The defendant in this case is charged with smuggling human beings into the United States for financial gain. Does anybody have strong feelings or opinions about United States Immigration laws that would prevent you from viewing the evidence impartially?

11.  Regardless of your position on the legalization or criminalization of immigration, will you be able to follow

08CR1811-WQH

the law of the United States as it presently stands and as the judge instructs you regarding the criminal smuggling of human beings?

12. Has anyone been a member of an organization involved the "immigration debate"? Explain.

13. Does anyone believe the current immigration laws are too strict? Please explain.

14. Does anyone believe the current immigration laws are too lenient?

15. Does anyone feel strongly about the United States' immigration policies? Explain.

16. The United States will call many law enforcement personnel as witnesses. Would that prevent you from being fair and impartial?

17. Do any of you feel that it should not be a crime to enter – or assist someone else to enter – the United States illegally?

18. Have you ever had a particularly pleasant or particularly unpleasant experience while crossing the border into the United States at the San Ysidro Port of Entry or at another port of entry into the United States? Please describe that experience. Would that experience have bearing on your ability to be fair and impartial? Please explain.

//
//
//
//
//

1                                   **VII**

2                            **JURY INSTRUCTIONS**

3     The United States will submit proposed jury instructions under

4 separate cover.

5 Dated: August 24, 2008

6                                 Respectfully submitted,

7

8                                 KAREN P. HEWITT
                                United States Attorney

9

10                                 s/ Peter J. Mazza
                                PETER J. MAZZA

11                                 Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                               08CR1811-WQH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR1811-WQH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| ANGEL RIOS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of the Government's Trial Memorandum on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. TIMOTHY GARRISON, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2008.


s/ Peter J. Mazza