**TIMOTHY R. GARRISON**
California State Bar No. 228105
**BRIDGET L. KENNEDY**
California State Bar No. 253416
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467

Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANGEL RIOS,<br>Defendant. | Case No. 08CR1811-WQH<br>Date: September 3, 2008<br>Time: 9:00 a.m.<br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY;
PETER MAZZA, ASSISTANT UNITED STATES ATTORNEY; AND
PETER KO, ASSISTANT UNITED STATES ATTORNEY:

Defendant ANGEL RIOS, by and through his counsel, Timothy R. Garrison, Bridget L. Kennedy, and Federal Defenders of San Diego, Inc., and pursuant to the Fifth and Sixth Amendments and Fed. R. Crim. P. 30, requests that the Court instruct the jury on the law as set forth herein. Mr. Rios also requests leave to offer further jury instructions as may become relevant during the course of the trial.

Date: September 2, 2008

Respectfully submitted,

/s/ *Timothy R. Garrison*
**TIMOTHY R. GARRISON**
**BRIDGET L. KENNEDY**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Rios

**DEFENDANT'S PROPOSED INSTRUCTIONS FROM THE 9TH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL (2000)**

9th Cir. Crim. Jury Instr. 1.2 (2003) ("The Charge - Presumption of Innocence").

9th Cir. Crim. Jury Instr. 3.2 (2003) ("Charge Against Defendant Not Evidence - Presumption of Innocence-Burden of Proof").

9th Cir. Crim. Jury Instr. 3.3 (2003) ("Defendant's Decision Not to Testify").

9th Cir. Crim. Jury Instr. 3.4 (2003) ("Defendant's Decision to Testify").

9th Cir. Crim. Jury Instr. 3.9 (2003) ("The Credibility of Witnesses").

9th Cir. Crim. Jury Instr. 3.12 (2003) ("Separate Consideration of Multiple Counts").

9th Cir. Crim. Jury Instr. 3.20 (2003) ("Jury to be Guided by Official English Translation/Interpretation").

9th Cir. Crim. Jury Instr. 4.9 (2003) ("Testimony of Witness Receiving Benefits")(*as modified and provided below)*.

9th Cir. Crim. Jury Instr. 6.9 (2003) ("Mere Presence")(*specifying charge*)

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. __1__

Mr. Rios is charged in Count 1 of the indictment with bringing an undocumented alien to the United States for the purpose of private financial gain in violation of Title 8, United States Code § 1324(a)(2)(B)(ii). In order for a defendant to be found guilty of such a charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, that the named person was an alien;

**Second**, that the person was not lawfully in the United States;

**Third**, that Mr. Rios knew that the person was an alien;

**Fourth**, that Mr. Rios knew that the person was not lawfully in the United States;

**Fifth**, that Mr. Rios knowingly brought the person to the United States;

**Sixth**, that Mr. Rios specifically intended to violate the immigration laws of the United States by bringing the person to the United States;

**Seventh**, that Mr. Rios committed the offense with the purpose (i.e., the conscious desire) of gaining financially.

An "alien" is a person who is not a citizen or national of the United States.

Authority

8 U.S.C. § 1324(a)(2)(B)(ii); Committee on Model Jury Instructions, Manual of Model Jury Instructions for the Ninth Circuit, § 9.1 (2003 ed.) (modified); United States v. Nguyen, 73 F.3d 887, 894 (9th Cir. 1995); United States v. Barajas-Montiel, 185 F.3d 947 (9th Cir. 1999).

GIVEN ______

GIVEN AS MODIFIED _______

REFUSED _________

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. __2___

**Count 1 — Aider & Abettor**

In Count one of the indictment, the government is proceeding alternatively on the theory that Mr. Rios aided and abetted commission of the offense of bringing in Rafael Cortes-Cortes for the purpose of commercial advantage and private financial gain in violation of United States laws.

In order to find Mr. Rios guilty of aiding and abetting commission of this crime, the government must prove all of the following beyond a reasonable doubt:

**First**, the offense of bringing in Mr. Cortes-Cortes for the purpose of commercial advantage and private financial gain was committed by someone other than Mr. Rios;

**Second**, Mr. Rios aided, counseled, commanded, induced or procured that other person, the "principal," to commit the crime of bringing in the alien by eluding immigration officials;

**Third**, Mr. Rios acted before the crime was completed;

**Fourth**, that Mr. Rios had the specific intent or the conscious desire and purpose to assist the principal's commission of this crime;

**Fifth**, Mr. Rios aided and abetted the commission of these crimes with the intention of violating the immigration laws; and

**Sixth**, Mr. Rios had the specific intent that the principal benefit financially.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

It is also not enough that someone somewhere was going to gain financially absent a showing that the defendant aided and abetted commission of the offense with the intent that the principal gain financially.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping the principal commit the offense of bringing an alien to the United States by eluding immigration officials for purposes of the principal's private financial gain

**Authority**

9th Cir. Crim. Jury Instr. 5.1 (2003) ("Aiding and Abetting") (modified); United States v. Garcia, 400 F.3d 816, 819 (9th Cir. 2005) ("For aiding and abetting liability the government must prove four elements:(1) *that the accused had the specific intent to facilitate the commission of a crime by another,* (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying substantive offense, and (4) that someone committed the underlying substantive offense." (emphasis in original); United States v. Sayetsitty, 107 F.3d 1405 (9th Cir. 2001) (aider and abettor must have same intent as the principal); United States v. Angwin, 271 F.3d 786, 804-805 (9th Cir. 2001); United States v. Munoz, 412 F.3d 1043, 1046 (9th Cir. 2005); United States v. Dixon, 201 F.3d 1223, 1232 (9th Cir. 2000).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. 3

Mr. Rios is charged in Count 2 of the indictment with bringing an undocumented alien to the United States without presenting him to an appropriate immigration official at a designated port of entry in violation of Section 1324(a)(2)(B)(iii) of Title 8 of the United States Code. For a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, that the named person was an alien;

**Second**, that the person was not lawfully in the United States;

**Third**, that Mr. Rios knew that the person was an alien;

**Fourth**, that Mr. Rios knew that the person was not lawfully in the United States;

**Fifth**, that Mr. Rios knowingly brought the person to the United States;

**Sixth**, that Mr. Rios did not immediately bring and present the person to an appropriate immigration officer at a designated port of entry;

**Seventh**, that Mr. Rios specifically intended to violate the immigration laws of the United States by bringing the person to the United States;

An "alien" is a person who is not a citizen or national of the United States.

Authority

8 U.S.C. § 1324(a)(2)(B)(ii); Committee on Model Jury Instructions, Manual of Model Jury Instructions for the Ninth Circuit, § 9.1 (2003 ed.) (modified); United States v. Nguyen, 73 F.3d 887, 894 (9th Cir. 1995); United States v. Barajas-Montiel, 185 F.3d 947 (9th Cir. 1999).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. 4

I instruct you that you must presume Mr. Rios to be innocent of the crime charged. Thus, the defendant, although accused of the crimes in the indictment, begins the trial with a "clean slate" -- with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the indictment, you must find the defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions -- one of innocence, the other of guilt -- the jury must, of course, adopt the conclusion of innocence.

Authority

O'Malley, Grenig, and Lee. Federal Jury Practice and Instructions, 5th Ed. § 12.10.

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. 5

The term "knowingly," as used in these instructions to describe the alleged state of mind of Mr. Rios that the government must prove, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

O'Malley, Grenig, and Lee. Federal Jury Practice and Instructions, 5th Ed. § 17.04.

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. ______

DEFENDANT'S PROPOSED INSTRUCTION NO. 6

A finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion.

Further, each fact which is essential to complete a set of circumstances necessary to establish the defendant' s guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

Also, if the circumstantial evidence as to any particular count permits two reasonable interpretations, one of which points to the defendant' s guilt and the other to his innocence, you must adopt that interpretation that points to the defendant' s innocence, and reject that interpretation that points to his guilt.

If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

Authority

1 Cal. Jury Instr.--Crim. 2.01 (7th ed. 2003) (Sufficiency of Circumstantial Evidence--Generally) (modified); United States v. Bishop, 959 F.2d 820, 830 (9th Cir. 1992) (finding that "the evidence must include sufficient probative facts from which a rational factfinder, applying the reasonable doubt standard, could choose the hypothesis that supports a finding of guilt rather than hypotheses that are consistent with innocence"); Clark v. Procunier, 755 F.2d 394, 396 (5th Cir. 1985) (stating that "if the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, then a reasonable jury must necessarily entertain a reasonable doubt").

GIVEN ________

GIVEN AS MODIFIED ________

REFUSED ________

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. __7__

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror individually agrees that the government has proved every element beyond a reasonable doubt. Thus, your verdict must be unanimous, and you must unanimously agree to the facts upon which you base your verdict.

Authority

Devitt and Blackmar, 3d ed., § 5 18.01 (modified); Richardson v. United States, 526 U.S. 813 (1999) (jury must unanimously agree as to every element); United States v. Echeverv, 698 F.2d 375 (9th Cir. 1983).

GIVEN _____

GIVEN AS MODIFIED________

REFUSED________

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. 8

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

1 L. Sand, et al., Modern Federal Jury Instructions (2001), § 7-16.

GIVEN ______

GIVEN AS MODIFIED _______

REFUSED _______

COURT'S INSTRUCTION NO. ___________

DEFENDANT'S PROPOSED INSTRUCTION NO. 9

You have heard testimony that Rafael Cortes-Cortes admitted to committing crimes in coming to the United States illegally. In evaluating his testimony, you should consider whether, or to what extent, if any, his testimony may have been influenced by the circumstances relating to his illegal entry and any benefits he may have received or hope to receive. You should examine Rafael Cortes-Cortes's testimony with greater caution than that of other witnesses.

Authority

9th Cir. Crim. Jury Instr. 4.9 (2003) ("Testimony of Witnesses Involving Special Circumstances") (modified).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED _____

**TIMOTHY R. GARRISON**
California Bar No. 228105
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Tel: (619) 234-8467 / Fax: (619) 687-2666
Timothy_Garrison@fd.org

Attorneys for ANGEL RIOS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANGEL RIOS,<br>Defendant. | Case No. 08CR1811-WQH<br><br>**PROOF OF SERVICE** |

**I HEREBY CERTIFY** that on September 3, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Timothy R. Garrison*

**TIMOTHY R. GARRISON**
California Bar No. 228105
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
Tel: (619) 234-8467 / Fax: (619) 687-2666
Timothy_Garrison@fd.org

Attorneys for Mr. ANGEL RIOS

**SERVICE LIST**

**United States v. ANGEL RIOS**
**Case No. 08CR1811-WQH**
**United States District Court, Southern District of California**

**Peter Mazza**
peter.mazza@usdoj.gov
Efile.dkt.gc2@usdoj.gov
lilian.ruiz@usdoj.gov

**Alan E Ferguson**
aefergie@bigfoot.com

[*Service via CM/ECF*]