

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08cr1811-WQH |
| Plaintiff, | |
| v. | **JURY INSTRUCTIONS** |
| ANGEL RIOS, | |
| Defendant. | |

## INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

3.1

# INSTRUCTION NO. 2

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

3.2

# INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

3.3

# INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

3.5

**INSTRUCTION NO. 5**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

3.6

# INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

3.7

# INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

3.8

# INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

3.9

## INSTRUCTION NO. 9

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

4.1

# INSTRUCTION NO. 10

You have heard testimony from Rafael Cortes-Cortes, a witness who has received favored treatment from the government in connection with this case. For this reason, in evaluating his testimony, you should consider the extent to which or whether the testimony of Rafael Cortes-Cortes may have been influenced by this factor. In addition, you should examine the testimony of Rafael Cortes-Cortes with greater caution than that of other witnesses.

4.9

**INSTRUCTION NO. 11**

The Spanish language has been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning.

3.20

## INSTRUCTION NO. 12

A separate crime is charged against the defendant in each count. You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

3.12

# INSTRUCTION NO. 13

The defendant is charged in Count 1 of the indictment with bringing an alien into the United States for the purpose of commercial advantage or private financial gain in violation of Section 1324(a)(2)(B)(ii) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly brought an alien, namely, Rafael Cortes-Cortes who was an alien into the United States in the Southern District of California on or about May 20, 2008 for the purpose of personal commercial advantage or private financial gain;

Second, the defendant knew or was in reckless disregard of the fact that Rafael Cortes-Cortes was an alien who had not received prior official authorization to come to, enter, or reside in the United States; and

Third, the defendant acted with the intent to violate the immigration laws of the United States.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

The term " private financial gain" means any economic benefit.

9.1A

## INSTRUCTION NO. 14

A defendant may be found guilty of bringing an alien to the United States for the purpose of commercial advantage or private financial gain as charged in Count 1, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of bringing an alien to the United States for the purpose of commercial advantage or private financial gain was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of the crime of bringing an alien to the United States for commercial advantage or private financial gain; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of bringing an alien to the United States for commercial advantage or private financial gain.

5.1

# INSTRUCTION NO. 15

The defendant is charged in Count 2 of the indictment with bringing an alien into the United States without immediate presentation of the alien to an appropriate immigration officer at a designated port of entry in violation of Section 1324(a)(2)(B)(iii) of Title 8 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly brought an alien, namely, Rafael Cortes-Cortes who was an alien to the United States in the Southern District of California on or about May 20, 2008 and upon arrival did not immediately bring and present the alien to an appropriate immigration official at a designated port of entry;

Second, the defendant knew or was in reckless disregard of the fact that Rafael Cortes-Cortes was an alien who had not received prior official authorization to come to, enter, or reside in the United States; and

Third, the defendant acted with the intent to violate the immigration laws of the United States.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

9.1B

# INSTRUCTION NO. 16

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

5.6

# INSTRUCTION NO. 17

The defendant contends that a third party was responsible for putting the person in the front assembly of the car, and that this was done without the Defendant's knowledge.

**INSTRUCTION NO. 18**

The indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

13.05

# INSTRUCTION NO. 19

You are instructed that San Diego County and Imperial County are in the Southern District of California.

# INSTRUCTION NO. 20

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

7.1

## INSTRUCTION NO. 21

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

7.2

## INSTRUCTION NO. 22

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

7.3

# INSTRUCTION NO. 23

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

7.4

## INSTRUCTION NO. 24

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

7.5

# INSTRUCTION NO. 25

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

7.6